# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Robert D. Beggs and Julianne C. Beggs, and Super Spray Booms, LLC, | ) ) ) | **ORDER CONFIRMING ARBITRATION AGREEMENT AND ENFORCING ARBITRATION ORDER** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Bismarck Phoenix Equipment, Inc., | ) ) | Case No. 1:05-cv-126 |
| Defendant. | ) | |

Before the Court is the Plaintiffs' "Motion for Confirmation of and Enforcement of Arbitration Order," filed on February 1, 2007. Plaintiffs Robert D. Beggs, Julianne C. Beggs, and Super Spray Booms, LLC ("Beggs") are seeking to confirm and enforce the Stipulation and Arbitration Order entered by arbitrator Jack Marcil on September 11, 2006. The Defendant has failed to respond to the motion.[1]

On February 28, 2006, the Court stayed the matter pending the completion of the agreed-upon arbitration. On September 11, 2006, arbitrator Jack Marcil entered the following Stipulation and Arbitration Order, which provides in relevant part:

> The parties, having met to conduct arbitration on September 11, 2006, and, prior to the hearing of evidence, do hereby stipulate and agree to settlement of this matter upon the following terms:
>
> **A.    Release of Beggs and Payment**.
> Within one hundred twenty (120) days, Bismarck Phoenix shall:
>    1. Take over all of Beggs' and SSB's debts at Farmers State Bank of Waupaca, Wisconsin, the payoff amount which is $136,637.50 as of September 1.
>    2. Settle all of Jim Okray and Okray Farms claims against Bob Beggs and Super Spray Booms, or pay Beggs $50,000 to resolve that issue.

---

[1] Defense counsel advised the Court that his client directed him not to file a response. Local Rule 7.1(C) states that failure to file a brief by the adverse party may be deemed an admission that . . . the motion is well taken.

    3.      Payment of bill at Dorsey Whitney of Super Spray Booms in the amount of approximately $9,000.
    4.      Obtain Release of Beggs and Super Spray Booms from obligations 1-3.
    5.      Payment of $65,000 to Beggs.

. . .

**F.** **Termination Provisions.**
    1.      If Phoenix is unable to meet the obligations under Paragraph A within 120 days. Phoenix shall release its interest in all of the patents (US, Canadian and other foreign patents) to Beggs.
    2.      If Phoenix does meet its obligations under paragraph A within 120 days, Beggs shall release his interest in the patents subject to the provisions of paragraph E.

. . .

**H.** **Arbitration Award.**
    1.      In lieu of an arbitration hearing on this matter, the parties agree that the arbitrator, Jack Marcil, shall in resolution of this matter, enter an order incorporating the terms of this agreement.

<u>See</u> Docket No. 22-2.

On September 22, 2006, the parties filed a stipulation with the Court which provided as follows:

1. On September 11, 2006, the parties met to arbitrate the above matter. Prior to the commencement of the arbitration, the parties reached a binding agreement, which was adopted by the arbiter as his order in this matter. <u>The parties agreed to be bound to the terms of the agreement as adopted by the arbiter</u>.

2. The parties intend that the terms of the agreement remain confidential, and, except as necessary to enforce the terms of Paragraph 3 below, shall not be filed with the Court.

3. The terms of the agreement require that certain conditions be satisfied, and <u>if those certain conditions are not satisfied, that either party may then petition the Court for an order to enforce the terms of the agreement</u>. In the event the terms of the agreement are satisfied, then either party may petition the Court for a dismissal with prejudice and without costs as to either party.

  4.  The parties hereby agree that this Court may enter its order accordingly.

See Docket Nos. 18 & 22-3 (emphasis added).

  In his affidavit of January 29, 2007, Robert Beggs asserts that none of the items set forth in Paragraph A of the September 11, 2006, Stipulation and Arbitration Order, had taken place. See Docket No. 22-1. Beggs requests immediate enforcement of Paragraph F.1 of the September 11, 2006, Stipulation and Arbitration Order, i.e., that Phoenix release its interest in all of the patents to Beggs.

  As a preliminary matter, Beggs asks the Court to confirm the September 11, 2006, Stipulation and Arbitration Order pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The Federal Arbitration Act (FAA) provides that a party may apply for judicial confirmation of an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. The parties must expressly agree that judgment can be entered on an award for a federal court to have authority under Section 9 of the FAA to enter judgment on the award. See PVI, Inc. v. Ratiopharm GmbH, 135 F.3d 1252, 1253-1254 (8th Cir. 1998). The purpose of the requirement is to ensure that the parties intended the application of the federal substantive law contemplated by the FAA. Id. at 1254.

  The parties, in the Stipulation filed on September 22, 2006 (Docket No. 18), specifically agreed to be "bound by the terms of the agreement as adopted by the arbiter" and to allow either party to "petition the Court for an order to enforce the terms of the agreement" in the event of non-compliance. By virtue of Bismarck Phoenix Equipment's failure to respond, the Court finds that Bismarck Phoenix Equipment has waived any objection to confirmation of the September 11, 2006,

Stipulation and Order.  As a result, the Court confirms the September 11, 2006, Stipulation and Arbitration Order pursuant to Federal Arbitration Act, 9 U.S.C. § 9.

As to the enforcement of the September 11, 2006, Stipulation and Arbitration Order, the Courts finds that Bismarck Phoenix Equipment has failed to accomplish the five (5) items set forth in Paragraph A within the 120-day period.  Paragraph F.1 of the Stipulation and Arbitration Order provides as follows:

> If Phoenix is unable to meet the obligations under Paragraph A within 120 days. Phoenix shall release its interest in all of the patents (US, Canadian and other foreign patents) to Beggs.

See Docket No. 22-2.  It is undisputed that Bismarck Phoenix Equipment has failed to meet its obligations under Paragraph A, and that Bismarck Phoenix Equipment has failed to offer any explanation for its failure.

The Court **GRANTS** the Plaintiffs' "Motion for Confirmation of and Enforcement of Arbitration Order."  (Docket No. 20).  The Court **ORDERS** that Bismarck Phoenix Equipment immediately release its interest in all of the patents (US, Canadian and other foreign patents), as set forth in Exhibit C, (Docket No. 22-4) to Beggs.  The Court **DENIES** as moot the Plaintiffs' Motion for Hearing.  (Docket No. 24).  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2007.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court